**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMIR RASHEID ALLEN, | No. 4:26-CV-00610 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DR. LAUREL HARRY and PENNSYLVANIA DEPT OF CORRECTION, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JUNE 26, 2026**

Amir Rasheid Allen, a serial prisoner litigant, lodged the instant *pro se* civil rights action in this Court in March 2026, appearing to assert claims under 42 U.S.C. § 1983[1] against the Pennsylvania Department of Corrections (DOC) and the Secretary of the DOC. But Allen's instant lawsuit is a carbon copy of a parallel civil rights action he is pursuing in the United States District Court for the Western District of Pennsylvania. The Court will therefore dismiss the instant, duplicative case pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous or malicious.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

In the instant Section 1983 complaint, Allen asserts that he is serving a life sentence and is currently incarcerated in the State Correctional Institution in Camp Hill, Pennsylvania (SCI Camp Hill).[2]  He claims that he has suffered "an ongoing pattern of abuse" since 2021, during which time he has been incarcerated in six different state prisons.[3]

Allen's allegations are vague and peculiar.  As best as the Court can discern, he is asserting an Eighth Amendment claim regarding his conditions of confinement at multiple state prisons.[4]  He alleges that he has been "pushed into medical by painful gasses [and] chemicals."[5]  He claims that "gas and chemicals" have been "pumped into [his] body" for four years, causing "pain and pressure" on his "skull (amygdala), chest, neck, [and] arms," apparently in an attempt to "push him out of [general] population."[6]  He describes this treatment as "torture," alleging that he is "inundated w[ith] painful gas and stress 24/7."[7]

Allen sues the Pennsylvania DOC and the Secretary of the DOC, Dr. Laurel Harry.[8]  He seeks injunctive relief and punitive damages.[9]  Allen's complaint,

---

[2]    *See* Doc. 1 at 1.
[3]    *See id.* at 2.
[4]    *See id.*
[5]    *Id.* at 2-3.
[6]    *Id.* at 3.
[7]    *Id.*
[8]    *See id.* at 1.
[9]    *Id.* at 5.

however, is a carbon copy of a lawsuit that he filed in 2025 in the Western District of Pennsylvania, which case is still pending.  The instant case, therefore, will be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) as frivolous or malicious.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[10]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[11]  Dismissal under Section 1915A(b)(1) is also appropriate if the complaint is "frivolous" or "malicious,"[12] or "seeks monetary relief from a defendant who is immune from such relief."[13]  Dismissal of an *in forma pauperis* civil action that is "frivolous" or "malicious" is likewise required under 28 U.S.C. § 1915(e)(2)(B)(i).

## III.   DISCUSSION

Resolution of this case requires only brief discussion.  The case before this Court is duplicative of an earlier civil rights action filed in the Western District of Pennsylvania, which case remains pending.  Dismissal of the instant case is therefore appropriate.

---

[10]   *See* 28 U.S.C. § 1915A(a).
[11]   *Id.* § 1915A(b)(1).
[12]   *Id.*
[13]   *Id.* § 1915A(b)(2).

In November 2025, Allen lodged a Section 1983 complaint in the United States District Court for the Western District of Pennsylvania.[14]  In that complaint, Allen sues the same defendants: the Pennsylvania DOC and Dr. Harry.[15]  He also raises the exact same Eighth Amendment conditions-of-confinement claim.  That is, he alleges that since 2021, he has suffered "torture[]" and a "pattern of abuse" during his incarceration at multiple state prisons.[16]  That alleged abuse consists of being "inundated w[ith] painful gas" that causes "pain and stress . . . 24/7."[17]  According to Allen, the "gas and chemicals" being pumped into his system have resulted in "pain and pressure" on his "skull (amygdala), chest, neck, [and] arms."[18]  As is immediately apparent, these unique allegations are identical to those Allen is attempting to assert in the instant lawsuit.

Duplicative claims may be dismissed as frivolous or malicious.[19]  "As part of its general power to administer its docket, a district court may . . . dismiss a suit

---

[14] *See generally Allen v. Harry*, No. 2:25-cv-01832 (W.D. Pa.).

[15] *See id.*, Doc. 4 at 1 (W.D. Pa. Dec. 12, 2025) (lodged November 26, 2025, and docketed December 12, 2025).

[16] *See id.* at 2-3.

[17] *Id.* at 3.

[18] *Id.* at 5.

[19] *See Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (nonprecedential) (citing *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alterations omitted)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that '[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.'" (citation omitted)); *Crisafi v. Holland*,

4

that is duplicative of another federal court suit."[20]  Indeed, "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation."[21]

It is plainly evident that the present case is identical in substance to case number 2:25-cv-01832 in the Western District of Pennsylvania, insofar as it has the same defendants and "same nucleus of operative facts" as that earlier-filed case.[22] That other federal litigation, moreover, is ongoing.[23]  The duplicative case at bar, therefore, will be dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915A(b)(1).[24]

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Allen's complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous or malicious because it

---

655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that "[a] complaint that merely repeats pending or previously litigated claims may be considered abusive" such that it qualifies as "malicious"); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (affirming district court's dismissal of case as "frivolous" due to existence of prior complaint, then pending, alleging same conduct by same defendant).

[20]  *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations omitted)).

[21]  *Curtis*, 226 F.3d at 138 (citation and internal quotation marks omitted).

[22]  *See Hurst v. Counselman*, 436 F. App'x 58, 60-61 (3d Cir. 2011) (nonprecedential).

[23]  *See generally Allen v. Harry*, No. 2:25-cv-01832 (W.D. Pa.).

[24]  *See Washington*, 825 F. App'x at 60 n.2; *Higgins*, 258 F.3d at 801; *Cato*, 70 F.3d at 1105; *Pittman*, 980 F.2d at 994-95; *McWilliams*, 121 F.3d at 574; *Crisafi*, 655 F.2d at 1309.

is duplicative of earlier-filed, ongoing litigation in the Western District of Pennsylvania. An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge